UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DECARTO DRAPER,

    Plaintiff,

v.

COMPLETE PAYMENT RECOVERY
SERVICES, INC.,

    Defendant.

No. 14 CV 1766

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Complete Payment Recovery Services, Inc. ("CPRS") was hired to collect a debt that Decarto Draper owed to a third party. Seeking to collect, CPRS sent letters to Draper. Draper sued, alleging that CPRS's letters threatened to take an action that CPRS never truly intended to take, in violation of the Fair Debt Collection Practices Act. Specifically, Draper argues that CPRS threatened to report his debt to national credit bureaus, but neither CPRS nor the third-party creditor ever intended to report the debt. CPRS moves for summary judgment. For the reasons discussed below, that motion is denied.

**I.    Legal Standards**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014).

## II. Facts[1]

Certegy Check Services, Inc. provides check warranty services. DSOF ¶ 1. Draper owed a debt to Certegy based on a check he issued that bounced. DSOF ¶ 2. Certegy hired CPRS to recover that debt. DSOF ¶ 4. CPRS sent Draper a letter, dated May 20, 2013, stating in pertinent part:

> Your unpaid check has been referred to Complete Payment Recovery Services, Inc. ("CPRS") for collection. . . . Certegy Check Services, Inc. is the owner of your check and is our client. We are proceeding with more extensive collection efforts because of your repeated failure to resolve this matter. . . . Our client may also report your unpaid check to national credit bureaus Equifax and Innovis, which would list the check as a negative item in your personal credit file. To avoid this, you will need to send us payment for the Total Amount Due below of $525.37.

DSOF ¶ 4[2]; [1-2] at 1.

Having received no payment, CPRS sent a second letter, dated June 17, 2013, stating in pertinent part:

---

[1] The facts are taken from the parties' Local Rule 56.1 statements. "DSOF" refers to CPRS's statement of undisputed facts [12]. "PSOF" refers to Draper's statement of additional facts, with CPRS's responses [24].

[2] In Draper's response to CPRS's Local Rule 56.1 statement, he states that DSOF ¶ 4 is "misleading as there were other threats made by" CPRS. [20] ¶ 4. That does not genuinely dispute the truth of the assertion in DSOF ¶ 4.

2

> We may recommend to our client that your unpaid check be assigned to a law firm for collection because we have not received payment in full. Your unpaid check is eligible for reporting as a bad debt charge off to both Equifax and Innovis credit reporting agencies. If this debt remains unpaid and is reported to the credit reporting agencies, it may have a negative effect on your future ability to write checks or obtain credit. To avoid this negative reference in your credit file, you must contact us immediately to make arrangements to pay the Total Amount Due of $525.37.

[1-2] at 2.

Again having received no payment, CPRS sent a third letter, dated July 1, 2013, stating in pertinent part:

> You have demonstrated no intention of paying your check . . . . As a result, we will inform our client that your check most likely will have to be assigned to another collection agency in order to seek payment. . . . Your unpaid check information may now be reported to a national credit bureau to be included in your personal credit file as a bed debt. . . . To resolve this matter, remit full payment within the next 48 hours.

[1-2] at 3. Draper did not pay. DSOF ¶ 5.

### III. Analysis

Draper complains that CPRS violated the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq.*). Specifically, Draper complains that CPRS attempted to collect the debt: (1) by engaging in harassing, oppressive, or abusive conduct (§ 1692d); (2) through false, deceptive, or misleading representations (§ 1692e); and (3) by unconscionable means (§ 1692f). Draper's theory is that CPRS's letters were misleading or deceptive because they threatened to report his debt to Equifax and Innovis, but neither CPRS nor Certegy ever intended to report the debt. CPRS takes a two-pronged approach to its motion for summary judgment: first, it argues that Certegy did in fact report the debt to Equifax and Innovis, undermining

3

Draper's assertion that it never intended to do so; second it argues that even if the debt was never reported, the letters contain only truthful descriptions of Certegy's legal rights, and thus do not run afoul of the FDCPA.

### A. Whether Certegy Reported Draper's Debt to Equifax and Innovis

CPRS asserts that Certegy reported Draper's unpaid debt to Equifax and Innovis on July 7, 2013. DSOF ¶ 5. To prove its assertion, CPRS offers a one-page summary document, titled "Credit Reporting Bureau Summary." [12-3]. The document may be a properly authenticated, admissible business record,[3] but it does not clearly show that Draper's unpaid debt was reported to Equifax and Innovis, as CPRS urges. For example, neither "Equifax" nor "Innovis" is mentioned. The document uses codes, including 'E' and 'I,' but CPRS did not include an affidavit explaining their meanings. The manager's statement that the unpaid check was reported to Equifax and Innovis is based on the document, which is not self-explanatory. As a result, I cannot conclude that this fact is beyond dispute.

Attempting to show that Certegy *did not* report his debt, Draper submitted his credit report, completed on February 19, 2014, which does not reflect a debt

---

[3] *See generally*, *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 777 (7th Cir. 2006) ("[T]he party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial, for example, a custodian or anyone qualified to speak from personal knowledge that the documents were admissible business records."). CPRS attached an affidavit from Certegy's General Manager, who describes account records generally as being kept, maintained and prepared in the course of Certegy's regularly conducted activity, and containing information from people with knowledge of the events at the time of the events. [12-1]. However, the affidavit is imprecise, and does not clearly explain the specific Credit Reporting Bureau Summary offered by CPRS. It is likely that a foundation can be laid for the document, but without some additional testimony and explanation of the codes and data, it is not admissible.

owed to Certegy. *See* [17-4]. But even if I can consider this document,[4] it is irrelevant because it does not purport to include information from Equifax or Innovis—the only credit reporting agencies at issue in this case.[5]

In sum, the current record cannot support a finding as a matter of law that Certegy either did or did not report Draper's debt to Equifax and Innovis. For summary judgment purposes, I resolve the uncertainty in non-movant Draper's favor, and assume that the debt was not reported.

### B. Whether CPRS's Letters Can Violate the FDCPA, Assuming Draper's Debt Was Not Reported

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. CPRS argues that Draper's § 1692e claim is legally baseless, because "informing a debtor about a legal course of action available to the creditor is not false or misleading." [11] at 2. CPRS's position cannot be squared with the text of subsection 5, which states that a debt collector may not "threat[en] to take any action that cannot legally be taken *or that is not intended to be taken*." 15 U.S.C. § 1692e(5) (emphasis added). *See also Ruth v. Triumph P'Ships*, 577 F.3d 790, 797 (7th Cir. 2009) (quoting § 1692e(5)). Draper's theory—that CPRS threatened an action that it did not intend to take—therefore states a claim under the FDCPA.

---

[4] CPRS says that this report is "hearsay." [23] at 2; [24] ¶ 1. Because I find the document irrelevant, I do not decide whether it is being offered for the truth of the matters asserted therein.

[5] The report appears to have been produced by "The CINgroup," and describes itself as a "CLR 3 Source" report. *E.g.*, [17-4] at 1. The CINgroup's website describes a "CLR 3 Source" report as including information from Experian and Transunion, but not Equifax or Innovis. *See www.cinlegal.com/products/credit-reports* (visited Oct. 8, 2014).

And though Draper bears the burden of proving his claim, summary judgment can only be granted against him on the ground that he has failed to carry his burden after he has had "adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

CPRS may be able to prove that Certegy always intended to report Draper's unpaid debt (perhaps by showing that it promptly did so). Conversely, Draper may be able to prove the opposite. But neither side has proven its case yet, and discovery is needed before either can do so. Summary judgment is therefore denied as to Draper's § 1692e claim.

CPRS did not advance an independent argument against Draper's § 1692d claim, and it didn't mention Draper's § 1692f claim at all. Summary judgment is denied as to those claims as well.

## IV. Conclusion

For the foregoing reasons, CPRS's motion for summary judgment [11] is denied.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 10/8/14

6